UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED MARTINEZ, | Case No. 2:21-cv-01779-JDP (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR ADDITIONAL ACCESS TO THE PRISON LAW LIBRARY |
| v. | |
| PETERSON, | ECF No. 30 |
| Defendant. | |

Plaintiff is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff claims that he is being denied access to the law library at California State Prison, Sacramento ("CSP Sacramento"); on December 19, 2022, he filed a request for a court order allowing him access to the library for one hour per day. ECF No. 30. Defendant responded that plaintiff has access to the law library. ECF No. 30. Defendant provided the declaration of A. Hubbard, a librarian at CSP Sacramento. *Id.* at 4. Mr. Hubbard states in the declaration that inmates can obtain General Legal User ("GLU") status, which allows inmates to access the library for two hours per week for a thirty-day period.[1] ECF No. 34 at 4.

---

[1] "All inmates, regardless of their classification or housing status, shall be entitled to physical law library access that is sufficient to provide meaningful access to the courts . . . . Inmates on GLU status may receive a minimum of 2 hours per calendar week of requested physical law library access, as resources are available." Cal. Code Regs. tit. 15, § 3123(b).

1

Mr. Hubbard reviewed plaintiff's library access records from November 2022 to January 2023. *Id.* He states that plaintiff obtained GLU status on November 10, 2019, which allowed him access until December 10, 2019. *Id.* Plaintiff accessed the law library on November 29 and December 6 of that year. *Id.* Plaintiff did not submit another request for GLU status until January 11, 2023; that recent request was granted, and he accessed the law library on January 17. *Id.*

While "[p]risoners have a right to meaningful access to the courts, [] there is no absolute right to use a prison law library." *Springfield v. Khalit*, 2018 WL 5980155, at *3 (E.D. Cal. Nov. 14, 2018) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). It appears that plaintiff has had meaningful access to the law library. Plaintiff may show this order to the appropriate officials at his institution as evidence that he is engaged in active litigation.

Accordingly, it is hereby ORDERED that plaintiff's motion for additional access to the law library, ECF No. 30, is denied without prejudice.

IT IS SO ORDERED.

Dated:   February 16, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2