UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>PETERSON,<br><br>   Defendant. | Case No. 2:21-cv-01779-DJC-JDP (PC)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S MOTION TO COMPEL AND DIRECTING DEFENDANTS TO ANSWER HIS DISCOVERY WITHIN FOURTEEN DAYS OF THIS ORDER'S ENTRY<br><br>ECF No. 77 |

Plaintiff brought this case alleging that defendant Peterson violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs. On May 24, 2024, defendant filed a motion for summary judgment. ECF No. 75. On June 10, 2024, plaintiff filed a "notice of discovery dispute" that I interpret to be a motion to compel. ECF No. 77. Therein, he alleged that he had received a letter from defendant's counsel stating that, due to the lateness of his discovery requests, no responses would be forthcoming. *Id.* at 1. Plaintiff claims that the lateness of those requests is due to mental health issues and several medical-related prison transfers. *Id.* at 1-2. On July 10, 2024, I directed defendant to file a response to plaintiff's notice, ECF No. 78, and, on July 31, 2024, he did so, ECF No. 80.

1

1    In defendant's response, he states that the discovery requests were served nine days late
2    and that plaintiff has failed to provide good cause for that lateness.  He notes that the deadline for
3    serving discovery requests was April 10, 2024, and that the requests were received on April 23,
4    2024, in an envelope that was postmarked April 19, 2024.  *Id.* at 3-4.  Defendant contends that, by
5    plaintiff's own alleged timeline, he had ten days, between March 15 to March 25, to serve his
6    responses.  *Id.* at 5.  Defendant also states that, from April 5 to April 19, prison inventory logs
7    indicate that plaintiff had access to his legal materials.  *Id.*  Thus, defendant argues that he was
8    justified in refusing to answer the late served discovery requests.

9    Plaintiff filed a reply to the foregoing response, wherein he argues that he was prepared to
10   send his requests out on March 25, 2024, but that he suffered "a mental health decompensation"
11   and was forced to move to a crisis bed and, eventually, to a different prison for treatment.  ECF
12   No. 82 at 1.  He claims that, on that day, his personal property was taken and that it was not
13   returned until April 17, 2024.  *Id.* at 2.

14   Having reviewed the filings, I find it appropriate to order defendant to respond to the late
15   served discovery requests.  In so doing, I am cognizant of the inconvenience to defendant's
16   counsel who, not incorrectly, relied upon the schedule I set.  My rationale for requiring him to
17   answer plaintiff's requests is twofold.  First, as plaintiff emphasizes, he is a pro se prisoner who
18   has alleged mental health issues.  Thus, a degree of leniency is appropriate where it appears he
19   has attempted to prosecute his action in good faith.  *See Draper v. Coombs*, 792 F.2d 915, 924
20   (9th Cir. 1986) ("We recognize that the plaintiff represented himself and therefore, in evaluating
21   his compliance with the technical rules of civil procedure, we treat him with great leniency.");
22   *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("Presumably unskilled in the law, the pro
23   se litigant is far more prone to making errors in pleading than the person who benefits from the
24   representation of counsel.").  Second, if I ultimately recommend that defendant's pending motion
25   for summary judgment be granted, the district judge (and the Court of Appeals if an appeal is
26   undertaken) may be satisfied that plaintiff has had every available opportunity to put forth his best
27   oppositional argument.
28

Accordingly, it is ORDERED that:

1. Plaintiff's notice of discovery dispute, ECF No. 77, construed as a motion to compel, is GRANTED. Within fourteen days of this order's entry, defendant shall provide plaintiff with responses to his discovery. Plaintiff must file any motion to compel regarding those responses within forty-five days of this order's entry.

2. This order is not to be construed as an invitation to either party to conduct any new discovery. Once plaintiff's late served responses are resolved, the court will turn to the pending summary judgment motion.

IT IS SO ORDERED.

Dated:   October 2, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE