UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>PETERSON,<br><br>    Defendant. | Case No.  2:21-cv-1779-DAD-JDP (P)<br><br>ORDER |

Plaintiff, a prisoner proceeding *pro se*, brought this action alleging that defendant Peterson violated his Eighth Amendment rights by failing to provide him with adequate medical care. Defendant Peterson's motion for summary judgment is pending. ECF No. 75. Plaintiff has not filed an opposition; instead, he has submitted a motion to compel, ECF No. 90, and a motion to appoint counsel, ECF No. 91. Defendant has filed an opposition to the motion to compel. ECF No. 93. Both motions are denied. Plaintiff must file an opposition to defendant's motion for summary judgment within fourteen days of this order's entry. If he fails to do so, I will adjudicate the motion unopposed.

**Motion to Compel**

**I.    Legal Standard**

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P.

1

33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("[O]bjections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable."). A responding party is typically not required to conduct extensive research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

**II.    Analysis**

There are three requests for production at issue. I will address them separately, in the order they were presented.

**A.    Request for Production Number One**

The first request for production seeks: "[v]ideo/audio recordings of the B-section cameras for the whole 8hr shift of the day of the incident I bring this lawsuit for." ECF No. 93 at 5. Defendant objected to the request as vague as to "video/audio recordings" and "8hr shift of the day of the incident." *Id.* In any event, defendant contends that, after a search, no audio video surveillance exists. *Id.* No further response can be compelled.

**B.    Request for Production Number Two**

The second request for production seeks: "[c]opies of all memos re delays for finding a remedy to my 602 where I described the gross negligence and faults or deliberate indifference of officer Peterson and nurse Akwara whose name (Akwara) was not known to me in the beginning, but she was on my complaint as doe." *Id.* at 6. Defendant objected, but also stated that, after a search, no responsive documents were found. *Id.* at 6-7. Accordingly, no further response can be compelled.

**C.    Request for Production Number Three**

The third request for production seeks: "All names, times and dates and recordings whether by audio or visual or on paper about interviews that were conducted with the investigating dept and/or incident I bring this suit for." ECF No. 93 at 7. Defendant objected to

2

the request as vague and compound, seeking information rather than documents or tangible things, and seeking privileged information. *Id.* Defendant maintains that the only responsive, non-privileged documents that can be produced are plaintiff's own audio recorded interview. *Id.* In his motion to compel, plaintiff asserts that the assertion of state law privilege is improper in federal court. ECF No. 90 at 3. He is, as defendant points out, incorrect on this point. *See Brooks v. County of San Joaquin*, 275 F.R.D. 528, 530 (E.D. Cal. 2011) ("While federal law is controlling . . . state law is nevertheless relevant, especially in mixed claims where one of the elements of the federal claim is that a state actor was acting under color of state law when the federal right was violated—a category which includes every 42 U.S.C. §1983 action") (citation omitted). Additionally, I agree that the request is overly vague. The request for "[a]ll names, times and dates and recordings whether . . . audio or visual or on paper" is not sufficiently particular. A request for production of documents under Rule 34 must be made with "reasonable particularity." Fed. R. Civ. P. 34(b). Here, plaintiff is essentially requesting any and all documents pertinent to his lawsuit. This is insufficiently particular and defendant's objections as to vagueness are upheld.

**Motion to Appoint Counsel**

Plaintiff's motion to appoint counsel is denied. He argues that appointment is warranted because his mental health treatment at the prison is inadequate and he is having difficulty meeting court deadlines. ECF No. 91 at 1. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent him. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations

omitted).  Here, the factors do not weigh in favor of appointing counsel.  The allegations are not complicated and plaintiff has not demonstrated that he is likely to succeed on the merits.  I am not unsympathetic to plaintiff's difficulties, but he has had substantial time to prepare an opposition to the pending motion for summary judgment.  He will have a final period of fourteen days to submit an opposition.

        Accordingly, it is ORDERED that:

        1.     Plaintiff's motion to compel, ECF No. 90, and his motion to appoint counsel, ECF No. 91, are DENIED.

        2.     Plaintiff must submit his opposition to defendant's motion for summary judgment, ECF No. 75, within fourteen days of this order's entry.  If he fails to do so, I will rule on the motion for summary judgment as unopposed.

IT IS SO ORDERED.

Dated:    January 30, 2025

                JEREMY D. PETERSON
                UNITED STATES MAGISTRATE JUDGE