UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>PETERSON,<br><br>        Defendant. | Case No. 2:21-cv-1779-DAD-JDP (P)<br><br>ORDER |

      Plaintiff, a prisoner proceeding *pro se*, brought this action alleging that defendant Peterson violated his Eighth Amendment rights by failing to provide him with adequate medical care. Defendant Peterson's motion for summary judgment has been pending since May 24, 2024. ECF No. 75. On January 30, 2025, I denied plaintiff's motion to compel, ECF No. 90, and directed him to file a response to the motion for summary judgment within fourteen days. ECF No. 94. Rather than filing a response to defendant's motion for summary judgment, plaintiff filed a response to my order objecting to the denial of his motion to compel and, separately, requesting a new copy of defendant's motion for summary judgment and an additional fourteen days to respond to it. His objections to my order are rejected. I will, however, grant his request for a copy of the motion for summary judgment and additional time to respond to it.

      Plaintiff's objections to my denial of his motion to compel are unpersuasive. He claims, without citing legal authority or specific documents, that his discovery requests were sufficiently

1

specific. *Id.* He requests, without identifying authority supporting his request, that I appoint an unspecified third party to review defendant's assertions of privilege. *Id.* at 2. Plaintiff has failed to offer any substantive rationale for reconsideration of my order, and his request that I appoint a third party to review any portion of that discovery is rejected. Putting aside the logistical difficulty in ascertaining who an appropriate third party would be for this purpose, there is no reason to believe such an exercise would produce any useful information. As I found in my order, defendant indicated that it had no responsive documents as to two of the relevant requests. ECF No. 94 at 2. And, with respect to the third, plaintiff's request was so broad and vague that it was essentially an invalid request for any and all documents that had any relevance to his suit. *Id.* at 3. Under the circumstances, I decline to reconsider my denial of his motion to compel or to entertain further discovery.

As for plaintiff's request for additional time to respond to defendant's motion for summary judgment, I note that such extensions of time are typically granted, especially to *pro se* litigants. The pending motion for summary judgment was filed in May 2024. ECF No. 75. Defendant attached a certification of service indicating that the motion and accompanying documents were served on plaintiff by first-class mail on May 24, 2024. ECF No. 75-10 at 2. Plaintiff's discovery disputes lingered for the better part of a year, however, and were wholly resolved only by my recent order in January 2025. On June 10, 2024, after the motion for summary judgment was filed, plaintiff filed a notice of discovery dispute. ECF No. 77. That motion, ultimately styled as one to compel, was granted on October 2, 2024. ECF No. 85. I noted in that order that, after this limited discovery was resolved, I would turn to the pending summary judgment motion. *Id.* at 3. Then, on November 27, 2024, plaintiff filed a new motion to compel. ECF No. 90. After briefing, I denied that motion on January 30, 2025. ECF No. 94. I will direct defendant to re-serve their motion for summary judgment on plaintiff. He shall have until March 3, 2025, to file a response. I am disinclined, given the age of the motion and the procedural posture of this case, to offer any additional extensions. Plaintiff's repeated requests for discovery have delayed adjudication of that motion for the better part of a year, and the interests of justice weigh against any further delay.

Accordingly, it is ORDERED that:

1. Defendant shall re-serve their motion for summary judgment, ECF No. 75, on plaintiff by close of business Thursday, February 13, 2025.

2. Plaintiff must submit his response to defendant's motion for summary judgment, ECF No. 75, by March 3, 2025. Defendant shall file a reply, if desired by, March 10, 2025. If plaintiff fails to submit a response by the deadline, I will rule on the motion for summary judgment as unopposed. No further extensions of time shall be granted.

IT IS SO ORDERED.

Dated:    February 11, 2025                                              
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3