UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>PETERSON,<br><br>    Defendant. | Case No. 2:21-cv-1779-DAD-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a state prisoner, brought this action under section 1983 alleging that defendant Peterson, a correctional officer, violated his Eighth Amendment rights by ignoring his claims that he was suicidal. Defendant has moved for summary judgment, ECF No. 75, and plaintiff has filed an opposition, ECF No. 99. For the reasons below, defendant's motion should be granted and judgment entered in his favor.

Legal Standards

    Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material

1  issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to
2  require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.*
3  *Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).
4        The court must apply standards consistent with Rule 56 to determine whether the moving
5  party has demonstrated there to be no genuine issue of material fact and that judgment is
6  appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
7  "[A] court ruling on a motion for summary judgment may not engage in credibility
8  determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir.
9  2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the
10 nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.
11 *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,
12 198 F.3d 1130, 1134 (9th Cir. 2000).

### Background

Plaintiff alleges in a verified complaint that on April 8, 2021, he told defendant Peterson and an unnamed nurse that he was suicidal and contemplating self harm.  ECF No. 1 at 2. Peterson allegedly refused to extract him from the cell, even when the nurse urged that plaintiff be "cuffed up." *Id.*  At some point during the following three hours, plaintiff allegedly broke a light in his cell and used the glass shards to cut himself.  *Id.*  Upon Peterson's return, plaintiff showed him the shards and blood.  *Id.*  Peterson allegedly declined to take any action and left plaintiff in his cell.  *Id.*

### Analysis

I find, considering the evidence attached to defendant's motion, that no reasonable finder of fact could believe plaintiff's allegations[1] that Peterson violated his Eighth Amendment rights.[2] As an initial matter, both defendant Peterson and psychiatric technician Akwara[3] have submitted

---

[1] These allegations stem from a verified complaint and, thus, I consider them as part of plaintiff's evidence in opposition to summary judgment.

[2] Defendant argues that plaintiff's alleged injuries are insufficient to give rise to an Eighth Amendment claim and that he is entitled to qualified immunity.  Although I find these arguments unpersuasive, I find it unnecessary to address them.

[3] Akwara does not recall the events as plaintiff describes them, but she was the medical

3

declarations stating that the events alleged in the complaint did not transpire. ECF Nos. 75-7 & 75-9. Typically, such declarations would not weigh heavily in the calculus of whether to grant summary judgment, but various medical and facility records also indicate that plaintiff's allegations are implausible. First, despite his claim that he cut himself and was undergoing a dangerous psychiatric episode, there is no medical evidence that plaintiff received any treatment for the injuries he describes. Second, in a sworn declaration, M. Bobbala, the Chief Medical Executive at California State Prison-Sacramento, states that a search of the medical records "revealed no medical documentation related to Mr. Martinez's claims that he cut himself, or of any physical injury, on or around April 8, 2021." ECF No. 75-5 at 2. Review of the records also shows no indication that plaintiff sought medical treatment, interacted with medical staff, or underwent treatment for any physical injury on or around that date. *Id.* This is especially relevant insofar as, during his deposition, plaintiff indicated that his cut was significant enough to extract "a medicine cup" worth of blood and that there was sufficient blood loss to dirty the floor of his cell. ECF No. 75-4 at 116. Third, despite plaintiff's allegation that he broke his light to cut himself, a search of maintenance records reveals no work order to fix a broken light between March 1 and May 30, 2021. ECF No. 75-8 at 1-2. Fourth, review of psychiatric records shows no "clinical interactions" between March 30 and June 20, 2021. ECF No. 75-6 at 2. And plaintiff's claim that he declined to take his court-ordered medication on April 8, 2021, ECF No. 1 at 3, is contradicted by medical records that show that he was administered his court-ordered medication (Clozapine) that day. ECF Nos. 75-6 at 2, ECF No. 75-9 at 5.

While the non-moving party is not required to prove his case to defeat summary judgment, "[i]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *California Architectural Bldg. Prods. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so

---

staff member assigned to the area where plaintiff's cell was located. ECF No. 75-9 at 2.

4

that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). Here, plaintiff's claim that he underwent a serious mental health episode and suffered a serious, self-inflicted physical injury are belied by institutional records that render his account implausible. His opposition, however, fails to offer persuasive evidence that shows a genuine issue for trial. Crucially, plaintiff offers no satisfactory explanation of why, if his injury was severe enough to result in substantial blood loss and, in his words, "a visible dark scar" that was "extremely painful," he did not seek medical attention on either the day of the incident or any of the subsequent days. ECF No. 99 at 9. Similarly, it is impossible to square his contention that his psychiatric issues were so severe on that day as to demand Peterson's intervention, but that after a staff change, they warranted no treatment from and, indeed, no mention to other staff. This failure is especially perplexing because plaintiff alleges that this incident has been "an emotional stressor and ongoing psychological difficulty to bear . . . ." *Id.* at 8. If these allegations as to ongoing severity are true, then it is difficult to understand plaintiff's failure to mention the situation to his psychiatric care providers. I acknowledge that, with respect to the lack of a work order for the broken light, plaintiff does offer a possible explanation: that the lightbulb could be screwed out and in and, thus, no work order would be necessary to replace it. ECF No. 99 at 14. This explanation does not, however, explain why staff would provide him with another lightbulb without investigating the destruction of the first, especially given that plaintiff does not allege that he tried to conceal his self-harm.

Other courts weighing similar records have found summary judgment warranted. In *Giron v. Johnson*, the court found that summary judgment was warranted where, faced with prison records and signed declarations indicating that defendants had not ignored the plaintiff's mental health needs, the non-movant plaintiff failed to offer any meaningful evidence to corroborate his version of events. No. CV 20-4665 ODW (PVC), 2022 U.S. Dist. LEXIS 82645, *31-33 (C.D. Cal. Mar. 8, 2022). The court in *Giron* noted that plaintiff had failed to offer evidence such as signed declarations or medical records, and had not provided even a basic explanation as to why he failed to notify medical providers of his alleged suicide attempt. *Id.* at

5

*33-34.

## Conclusion

Accordingly, it is RECOMMENDED that Defendant's motion for summary judgment, ECF No. 75, be GRANTED, and judgment entered in his favor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 11, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE