UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>PETERSON,<br><br>            Defendant. | No. 2:21-cv-01779-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 75, 100) |

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 11, 2025, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion for summary judgment be granted. (Doc. No. 100.) Specifically, the magistrate judge noted the Ninth Circuit's holding that on summary judgment, "[i]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Prods., Inc. v.*

/////

1

*Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *see also Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998); *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

The magistrate judge noted that on summary judgment, defendant had come forward with evidence indicating that, without assessing credibility, the allegations of plaintiff's verified complaint are implausible. (Doc. No. 100 at 4.) Plaintiff alleges that on April 8, 2021, he told defendant Peterson that he was feeling suicidal. (Doc. No. 1 at 3.) Later that night, plaintiff alleges he broke a light in his cell and used it to cut himself. (*Id.*) When defendant Peterson returned for "pill call," plaintiff allegedly showed him and the nurse "blood from the cutting" and broken glass, but defendant Peterson declined to take any action. (*Id.*) However, on summary judgment defendant Peterson has submitted evidence which he purports demonstrates that plaintiff's version of events simply did not occur. In this regard, he has attached a declaration of Dr. Shirikian, a clinical and forensic psychologist who reviewed plaintiff's mental health records. (Doc. No. 75-6 at ¶¶ 1, 2.) Dr. Shirikian states that she reviewed 592 pages of plaintiff's mental health records and found no notable clinical interactions between March 30, 2021 and June 20, 2021 and no mention of the alleged April 8, 2021 incident. (*Id.* at ¶¶ 5, 9.)[1] Defendant Peterson also has attached a declaration of Dr. Bobbala, the Chief Medical Executive at California State Prison, Sacramento, who declares that a review of plaintiff's medical records reveals no documentation of plaintiff suffering any physical injury whatsoever on or around April 8, 2021. (Doc. No. 75-5 at ¶ 6.) Further, defendant Peterson has submitted a declaration of A. Brown, a Plant Operations Analyst previously employed by the California Department of Corrections and

---

[1] Dr. Shirikian observes, however, that plaintiff's mental health record do contains record of events which took place in March 2021 and June 2021. On March 22, 2021, the mental health crisis triage team was contacted when custody staff observed a noose in plaintiff's cell. (Doc. No. 75-6 at ¶ 4.) Plaintiff "reported feeling anxious about his housing," and the "reported mental health symptoms resolved when a sergeant provided more information about his impending cell move." (*Id.*) "The mental health note based on this encounter states, 'IP is known to engage in suicidal gestures for non-MH reasons.'" (*Id.*) Another incident is documented as having occurred on June 20, 2021, wherein a crisis triage assessment was conducted after plaintiff "made superficial cuts on his body" and reported "that he felt ignored by custody staff," and the subsequent mental health evaluation "concluded the gestures were made in an effort to gain a change in housing." (*Id.* at ¶¶ 7–9.)

2

1    Rehabilitation, who states that a search for work orders for broken lights in the relevant housing
2    area between March 1, 2021 and May 30, 2021 revealed no results.  (Doc. No. 75-8 at 1–2.)
3    Finally, defendant Peterson has submitted the declarations of himself and psychiatric technician
4    Akwara, who conducted "pill call" with defendant Peterson in the relevant housing area on April
5    8, 2021.  (Doc. Nos. 75-7, 75-9.)  Both Peterson and Akwara declare that while they do not
6    specifically recall the events of April 8, 2021, they have never ignored an inmate who informed
7    them that he was suicidal, and that doing so could result in the imposition of discipline and
8    termination.  (Doc. Nos. 75-7 at ¶¶ 5–8; 75-9 at ¶ 6.)  Akwara further declares that she has "never
9    seen an inmate slide broken glass or blood stained paper under his door during pill call" and has
10   "never ignored an inmate who was actively bleeding."  (Doc. No. 75-9 at ¶¶ 8, 9.)  She also
11   declares that, "at any time of day including during pill call," "if an inmate informed me he was
12   suicidal or was going to hurt himself, I would immediately stop what I was doing and notify
13   correctional staff" who "would then escort the inmate to a holding cell where he could be
14   monitored for safety."  (*Id*. at ¶ 5.)

15   In opposition, plaintiff submitted no evidence supporting his version of events on April 8,
16   2021.  He points to an excerpt of his own deposition testimony, in which he testified that the light
17   bulb in his cell was a "screw-in light bulb," purportedly to explain why there was no work order
18   regarding a broken light during the relevant time period.  (Doc. No. 99 at 14.)  Plaintiff also relies
19   on his deposition testimony and a mental health form as evidence of the fact that he has attempted
20   suicide in the past.  (*Id*. at 17–18.)  However, plaintiff has not come forward with any evidence on
21   summary judgment regarding the April 8, 2021 incident, and he provides no explanation for why
22   there is no mention of any such event in his health records, particularly when according to
23   plaintiff his self-inflicted injury was so serious that, in his own words, "it's highly likely plaintiff
24   /////
25   /////
26   /////
27   /////
28   /////

3

1   wouldn't be here today" if he did not wrap his arm with toilet paper to stop the bleeding, and the
2   cut "left a visible dark scar."[2]  (Doc. No. 99 at 6–7, 9.)

3         Accordingly, the magistrate judge concluded that "plaintiff's claim that he underwent a
4   serious mental health episode and suffered a serious, self-inflicted physical injury are belied by
5   institutional records that render his account impossible," and his opposition to the pending motion
6   for summary judgment fails to offer "evidence that shows a genuine issue for trial."  (Doc. No.
7   100 at 5.)  The pending findings and recommendations were served on the parties and contained
8   notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id*. at
9   6.)  On March 20, 2025, plaintiff filed objections to the findings and recommendations.  (Doc.
10  No. 101.)

11        In those objections, plaintiff argues that the magistrate judge's finding that his "allegations
12  are implausible due to no records" "is not sound" because "not all reports of suicidal ideations or
13  attempts to commit suicide are always reported" and he questions "how can any judge attempt to
14  understand the mind or psych [sic] of one who is deemed to have severe mental illness."  (*Id*. at
15  2.)  The undersigned is certainly sympathetic to plaintiff's mental health struggles.  However, his
16  objections still do not identify evidence supporting his account or provide any specific
17  explanation as to why his description of the events that he claims took place on April 8, 2021,
18  appear in none of the health records submitted to the court on summary judgment and are directly
19  refuted by all of those who would seemingly be aware of the events if they took place as plaintiff
20  claims.  Accordingly, plaintiff's objections do not provide a basis upon which to reject the
21  magistrate judge's findings and recommendations.

22        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
23  court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the
24  /////

---

[2] While the assigned magistrate judge chose not to address this point, the undersigned also expresses skepticism that plaintiff's allegations, even if proven, would demonstrate a "serious medical need" as required for his claim, given plaintiff's deposition testimony that he simply wrapped his arm in toilet paper to stop the bleeding from the purported self-inflicted cut to his arm, and that his injury produced about a "medicine cup size" worth of blood. (Doc. No. 75-4 at 116, 119.)

1 | court finds the pending findings and recommendations to be supported by the record and by
2 | proper analysis.
3 |     Accordingly, IT IS HEREBY ORDERED that:
4 |     1. The findings and recommendations filed March 11, 2025 (Doc. No. 100), are
5 |        ADOPTED in full;
6 |     2. Defendant's motion for summary judgment (Doc. No. 75) is GRANTED, and
7 |        judgment is entered in his favor; and
8 |     3. The Clerk of the Court is directed to CLOSE this case.
9 |     IT IS SO ORDERED.
10 |
11 | Dated: **March 27, 2025**        /s/ Dale A. Drozd
                                   DALE A. DROZD
                                   UNITED STATES DISTRICT JUDGE