UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>PETERSON,<br><br>    Defendant. | No. 2:21-cv-01779-DAD-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT<br><br>(Doc. Nos. 104, 107) |

   Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On March 11, 2025, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion for summary judgment be granted. (Doc. No. 100.) Specifically, the magistrate judge noted that the Ninth Circuit has held that on summary judgment, "[i]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also Blue Ridge Ins. Co. v.*

1

*Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998); *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989). The magistrate judge noted that on summary judgment, defendant had come forward with evidence indicating that, absent any assessment of credibility, the allegations of plaintiff's verified complaint are implausible. (Doc. No. 100 at 4.) The magistrate judge concluded that "plaintiff's claim that he underwent a serious mental health episode and suffered a serious, self-inflicted physical injury are belied by institutional records that render his account impossible," and his opposition to the pending motion for summary judgment fails to offer "evidence that shows a genuine issue for trial." (*Id.* at 5.) On March 20, 2025, plaintiff filed objections to the findings and recommendations. (Doc. No. 101.) On March 28, 2025, having considered and addressed plaintiff's objections, the court adopted the findings and recommendations, granted summary judgment in favor of defendant, entered judgment, and closed the case. (Doc. Nos. 102, 103.)

On April 10, 2025, plaintiff filed the pending motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 104.) On May 1, 2025, defendant filed an opposition to that motion (Doc. No. 105), and on May 12, 2025, plaintiff filed a reply thereto (Doc. No. 106). On August 28, 2025, plaintiff filed a request for ruling. (Doc. No. 107.)

Rule 59(e) "motions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998), (rejecting "after thoughts" and "shifting of ground" as appropriate grounds for reconsideration under Rule 59(e)); *see also Goodlow v. Camacho*, No. 3:18-cv-0709-CAB-MDD, 2020 WL 6799381, at *1 (S.D. Cal. Nov. 19, 2020) (noting that parties may not use Rule 59(e) to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (citation omitted); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (the moving party must show "more than a disagreement with the Court's decision, and [that] recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden"); *Costello v. U.S. Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) ("[C]ourts avoid considering Rule 59(e) motions where the grounds

for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment.").

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). A Rule 59(e) motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999).

Here, plaintiff's motion to alter or amend the judgment is simply a rehash of his previous arguments. Plaintiff attempts to refute the court's conclusion that there was no evidence presented on summary judgment to support his version of events by referring the court to his previously provided explanations for the lack of any work order for a broken light bulb in his cell and the lack of any medical record of his injury. (Doc. No. 104 at 2–8.)[1] However, the court already considered these materials in its order adopting the findings and recommendations, including plaintiff's proffered explanations for the lack of evidence to support his account. *See* Doc. No. 102 at 2 ("He points to an excerpt of his own deposition testimony, in which he testified that the light bulb in his cell was a 'screw-in light bulb,' purportedly to explain why there was no work order regarding a broken light during the relevant time period."); *id*. at 4 ("In those objections, plaintiff argues that the magistrate judge's finding that his 'allegations are implausible due to no records' 'is not sound' because 'not all reports of suicidal ideations or attempts to

---

[1] In fact, plaintiff points the court directly to his previous arguments in his opposition and his objections that he wishes the court to reconsider. *See* Doc. No. 104 at 2 ("Furthermore, on page 2 of 8 regarding plaintiffs objections to Judge Petersons findings and recommendations, lines 10 to 15 . . . ."); *id*. at 4 ("Please refer to pages 12 of 21 and 13 of 21 of plaintiff's opposition to the summary judgment."); *id*. at 6 (directing the court to page 20 of his opposition and page 7 of his objections); *id*. at 7 (noting that plaintiff already explained why the event underlying this action was not reported to healthcare staff in both his opposition brief and his objections).

commit suicide are always reported' . . . ."). The court concluded that, despite those arguments, there was no basis upon which to reject the magistrate judge's findings and recommendations, because plaintiff had not "identif[ied] evidence supporting his account or provide[d] any *specific* explanation as to why his description of the events that he claims took place on April 8, 2021, appear in none of the health records submitted to the court on summary judgment and are directly refuted by all of those who would seemingly be aware of the events if they took place as plaintiff claims." *Id*. at 4 (emphasis added). Plaintiff's pending motion does not identify new evidence, present new argument, or support a finding that the court committed clear error in reaching this conclusion. Thus, petitioner's motion to alter or amend the judgment will be denied. *See Fed. Hous. Fin. Agency v. Saticoy Bay, LLC*, No. 2:16-cv-02242-JAD-BNW, 2025 WL 2624273, at *1 (D. Nev. Sept. 11, 2025) (denying the defendant's motion to alter or amend judgment, noting that its arguments are "merely a repackaging of issues that this court thoroughly considered—and rejected—when granting summary judgment the last time"); *Witkin v. Wagner*, No. 2:20-cv-00267-WBS-CKD (PC), 2022 WL 3371697, at *1 (E.D. Cal. Aug. 16, 2022) (denying the plaintiff's motion to alter or amend judgment, observing that the plaintiff's "motion rehashes the arguments that he raised in his Objections to the Magistrate Judge's Findings and Recommendations" and "[t]hese arguments were considered by this court prior to entering judgment").

Accordingly,

1. Plaintiff's motion to alter or amend the judgment (Doc. No. 104) is DENIED;
2. Plaintiff's request for ruling (Doc. No. 107) is DENIED as having been rendered moot by this order; and
3. This case shall remain closed.

IT IS SO ORDERED.

Dated: __October 1, 2025__

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5